IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
JUN ZHANG,                      )
                                )
     Plaintiff,                 )
                                )   CIVIL ACTION NO.
     v.                         )    2:11cv770-MHT
                                )         (WO)
TROY UNIVERSITY,                )
                                )
     Defendant.                 )
```

OPINION

In this lawsuit, plaintiff Jun Zhang claims that he was discriminated in employment because of his national origin. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that defendant Troy University's motion for summary judgment should be granted. Also before the court are Zhang's objections to the recommendation. After an independent and de novo review of the record, the court concludes that Zhang's objections should be overruled and the magistrate judge's recommendation adopted.

\*\*\*

The court adds these comments.  With his objections, Zhang is essentially seeking to re-litigate his case at this point.  He has attached new evidence, including letters from students and colleagues.  Many of these letters were previously submitted in his response to the summary-judgment motion, but have recently been notarized.  Zhang also seeks to identify a new comparator by pointing to student evaluations of another professor.  However, Zhang fails to establish that this new professor is a valid comparator.  While the student evaluations seem to indicate a lack of helpfulness by this new professor, there is no reference to the new professor's communication skills (or lack there of) in any of the students' evaluations.

In any event, the filing of additional or new evidence is generally not appropriate in an objection to a recommendation.  See <u>Williams v. McNeil</u>, 557 F.3d 1287,

1292 (11th Cir. 2009) ("'To require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter.'") (quoting United States v. Howell, 231 F.3d 615, 622 (9th Cir. 2000)), cert. denied, ___ U.S. __, 129 S.Ct. 2747 (2009); McNeil, 557 F.3d at 1292 ("'Systemic efficiencies would be frustrated and the magistrate judge's role reduced to that of mere dressed rehearser.'") (quoting Howell, 231 F.3d at 622). Zhang's newly retained counsel states that this new evidence was previously requested by Zhang but never provided by Troy University and that Troy University's mistake was only discovered by Zhang's counsel recently. However, Zhang has had sufficient discovery in this case, and it was his responsibility to review the evidence and move to compel any evidence that was not provided to him. Zhang cannot reset the discovery clock simply because he has now hired an attorney, particularly after the magistrate judge repeatedly advised Zhang to retain legal

3

counsel.  Moreover, because Zhang had sufficient opportunity to conduct discovery in this case, (indeed, the magistrate judge held several hearings on discovery motions), this new evidence should not be allowed. Therefore, in the exercise of its discretion, the court declines to allow the new evidence.

    An appropriate judgment will be entered.

    DONE, this the 23rd day of August, 2012.

                                  /s/ Myron H. Thompson
                            UNITED STATES DISTRICT JUDGE